# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Kevin Terrance Hannon,  Civil No. 10-3024 PJS/AJB

    Petitioner,

v.  **REPORT AND RECOMMENDATION**

Warden Jessica Symmes, OPH

    Respondent.

    This matter is before the Court, United States Chief Magistrate Judge Arthur J. Boylan, on petitioner's motion for habeas corpus relief pursuant to 28 U.S.C. § 2254. The action has been referred to the magistrate judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. Petitioner is confined at the Minnesota Correctional Facility at Oak Park Heights, MN (MCF–OPH) pursuant to conviction in Stearns County District Court on a count of first-degree murder (kidnapping). The offense occurred on September 21, 1999, in St. Cloud, Minnesota. Mr. Hannon was sentenced to life in prison without possibility of parole in December 2003, following a second trial on the offense. Upon initial review of the petition and supporting documents, this Court issued an Order dated July 26, 2010, therein requiring the respondent to file either a written answer to the petition or a motion to dismiss the petition on the grounds that the action is time-barred under 28 U.S.C. § 2244(d). Respondent timely filed and served a motion to dismiss the petition as time-barred under the applicable one-year limitation period. Petitioner has submitted materials in opposition to the motion to dismiss. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus [Docket No. 1] be dismissed with prejudice on statute of limitations grounds.

**Background**[1]

Petitioner Kevin Hannon was tried and convicted by a jury in June 2000, on a first-degree murder indictment[2] for the beating death of Deborah Tolhurst, with whom he shared an apartment in St. Cloud, Minnesota. Mr. Hannon was sentenced to life without parole on August 21, 2000, and he appealed the conviction to the Minnesota Supreme Court. The conviction was reversed on December 20, 2001, on grounds that the trial court erred in admitting statements made by the defendant after he had requested counsel. State v. Hannon, 636 N.W.2d 796 (Minn. 2001). A second trial took place in November 2003. Hannon was again found guilty by a jury on November 17, 2003, and he was again sentenced to life without parole on December 13, 2003.[3] The petitioner directly appealed the conviction to the Minnesota Supreme Court on March 15, 2004, and a decision affirming the conviction and sentence was issued on August 18, 2005. State v. Hannon, 703 N.W.2d 498 (Minn. 2005).

Petitioner Kevin Hannon thereafter filed a petition for post-conviction relief on December 22, 2006.[4] The trial court held a hearing and subsequently denied the petition on July

---

[1] Underlying facts describing the offense for which the petitioner was convicted are set forth in each of the multiple Minnesota Supreme Court decisions related to this case that are cited herein.

[2] App. to Resp. Mot. to Dismiss Pet. for Writ of Habeas Corpus. ¶¶ 3 and 6. The indictment charged one count of second-degree murder and four counts of first-degree murder, including premeditated murder and murder in connection with kidnapping. The petitioner was convicted on all counts, but was sentenced on only Count II – Murder in the First Degree (Kidnapping).

[3] Id., ¶¶ 17 and 18.

[4] Id., ¶ 21.

19, 2007.[5] Petitioner appealed the trial court determination on September 17, 2007, and the Minnesota Supreme Court affirmed the trial court decision and the conviction by opinion issued on July 18, 2008.[6] State v. Hannon, 752 N.W.2d 518 (Minn. 2008). Hannon filed a second petition for post-conviction relief on January 22, 2008.[7] The second petition was denied by the trial court on May 28, 2009, and an appeal was filed on July 27, 2009.[8] The supreme court affirmed the trial court decision denying the second post-conviction petition on May 13, 2010. State v. Hannon, 781 N.W.2d 887 (Minn. 2010). The petition for writ of habeas corpus that is presently before the court was filed on July 16, 2010. Respondent now moves to dismiss the petition on grounds that the case is barred by the one-year statute of limitations at 28 U.S.C. § 2244(d) that applies to federal habeas corpus actions by state prisoners under 28 U.S.C. § 2254. Respondent further asserts that the petitioner has not alleged the doctrine of equitable tolling and that there are no circumstances in this instance that would support application of the doctrine.

Petitioner Hannon's habeas corpus petition was filed on July 16, 2010. The petition itself states no particular grounds for relief, though petitioner submitted an appendix in which he which cites numerous cases and legal propositions which appear designed to support a claim challenging the grand jury indictment, a claim of newly discovered evidence relating to DNA evidence, and a claim of actual innocence.[9] The court finds, however, that petitioner's

---

[5] App. to Resp. Mot. to Dismiss Pet. for Writ of Habeas Corpus. ¶ 27.

[6] Id. ¶¶ 28 and 31.

[7] Id., ¶¶ 32-37.

[8] Id., ¶¶ 38 and 39.

[9] In his Mem. in Opposition to Mot. to Dismiss, petitioner states, "[t]he three main issues in this petition are newly discovered evidence/State Court had no Jurisdiction to hear case

3

habeas corpus petition was not filed within the one-year statute of limitations period prescribed by federal law. Therefore, the merits of petitioner's claims will not be addressed, and the court will recommend that this action be dismissed.

**Discussion**

The Anti-terrorism and Effective Death Penalty Act, (AEDPA), enacted in 1996, effected several significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This statute provides that:

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (c) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

through no proscess of Indictment service (not even signed by process server/And actual Innocence, ALL OF WHITCH DO NOT HAVE A TIME BARRE."

4

> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, there is nothing in the petition itself, and defendant has made no argument in an effort to establish the applicability of clauses (B), (C) or (D) of § 2244(d)(1) could be applicable. Essentially, there is no indication that the state created any impediment that prevented petitioner from seeking federal habeas relief within the prescribed one-year limitation period and there no indication that petitioner's claims are based on any newly-recognized and retroactively applicable constitutional right, or any new evidence that could not have been discovered soon enough to file a timely petition.

Consequently, as provided under § 2244(d)(1)(A), the one-year limitations period began to run in this case when petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." The conviction and sentence were upheld by the Minnesota Supreme Court on direct appeal on August 18, 2005. Nonetheless, the United States Circuit Court of Appeals for the Eighth Circuit has determined that the judgment is not "final" for purposes of 28 U.S.C. § 2244(d)(1)(A), until the petitioner has exhausted his opportunity to seek review by petition for writ of certiorari in the United States Supreme Court. Specifically:

> "the running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (I) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ."

5

Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999).

The petition in this case indicates that Mr. Hannon did not seek certiorari review in the United States Supreme Court. Therefore, the judgment of conviction became final 90 days after the Minnesota Supreme Court affirmed the conviction and sentence, i.e. November 16, 2005, see U.S. Sup. Ct. R. 13.1, at which time the federal habeas corpus statute of limitations began to run. The one-year limitations period expired on November 16, 2006. Petitioner Hannon did not file the petition in this matter until July 16, 2010, three years and eight months after the limitations period ended. Thus, the instant petition is clearly time-barred, unless the statute of limitations was somehow tolled.

The respondent acknowledges that the period of limitations can be tolled pursuant to 28 U.S.C. § 2244(d)(2) during the pendency of post-conviction proceedings. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999). However, in this matter the petitioner's first action for post-conviction relief was not commenced until December 22, 2006, more than a month after the one-year statute of limitations had already expired. Furthermore, an additional three months can be applied to the limitations period for the time prior to Mr. Hannon filing his second post-conviction petition on January 22, 2009, following the Minnesota Supreme Court's denial of the first post-conviction petition on July 17, 2008, and the 90-day allowance for certiorari petition ending on October 16, 2008. This § 2254 petition for writ of habeas corpus was filed within 90 days after the second post-conviction petition was denied by the Minnesota Supreme Court, but the allowable one-year limitations period had expired well before any post-conviction relief had been sought.

Although the petitioner did not directly assert the doctrine equitable tolling in

either the petition or in his opposition to the motion to dismiss, the respondent in this matter has also found it prudent to address whether application of the doctrine would be appropriate in this instance to save this action from being time-barred. See Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003). Equitable tolling is available only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" Id. at 806, (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added). Prisoner ignorance or inadequate legal assistance are non-external excuses and are not sufficient basis for equitable tolling. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001). Rather, the petitioner must establish that it was not possible for him to meet the statute of limitations deadline because of some extraordinary circumstances for which be bore no responsibility.

Petitioner Kevin Hannon did not request that equitable tolling be applied, and although the record contains references to a brain trauma injury experienced by the petitioner over 40 years ago,[10] the petitioner does not argue that this condition justifies his failure to timely file the petition for habeas corpus relief. Nor could he successfully contend that his mental condition prevented him from timely filing a federal habeas corpus petition under circumstances

---

[10] [Docket No. 2] Motion to Court to Accept Petition from Mentally Disabled Prisoner.

in which he able to commence and prosecute state and federal litigation, including appeals, on multiple fronts subsequent to his conviction.[11] It appears that in this case, as in Baker, petitioner simply was not "diligent in acting to protect [his] right to federal habeas review of [his] conviction." 321 F.3d at 772. Equitable tolling does not excuse the lateness of the petition here.

In addition, petitioner makes the bare assertion that his claims of newly discovered evidence, lack of jurisdiction, and actual innocence are not subject to a time bar. As to newly discovered DNA evidence, the petitioner mischaracterizes the issue because the "newly discovered" DNA evidence was discovered prior to his second trial and was presented in that proceeding. The DNA evidence and issues were known to the petitioner well before commencement of the one-year limitations period and cannot accurately be construed as newly discovered evidence for purposes of this proceeding. With regard to the jurisdiction matter, the exact nature of the claim is not at all apparent, but it is patently clear that any jurisdictional issues relating to the prosecution of his criminal case should have been known to the petitioner well before commencement of the one-year statute of limitations and are now barred in this habeas corpus action. Finally, petitioner correctly suggests that a claim of actual innocence may survive a statute of limitations defense, but a prisoner's mere assertion that he is innocent is insufficient and such a claim must be supported by concrete evidence. Weeks v. Bowersox 119 F.3d 1342, 1352-53 (8th Cir. 1997) ("Were protestation of innocence the only prerequisite to

---

[11] Hannon v. Mark D. Kelly and Law Offices, D. Minn. Civil No. 09-3725 PJS/AJB (§ 1983 federal action against state public defender); Hannon v. Sanner, 2008 WL 2492410 (Minn App. 2008)(Minnesota state constitutional action against arresting officers); Hannon v. State, 752 N.W.2d 518 (Minn. 2008)(first state post-conviction petition); Hannon v. Sanner 441 F.3d 635 (8th Cir. 2008)(§ 1983 federal action against arresting officers); Hannon v. State, 781 N.W.2d 887 (Minn. 2010)(second state post-conviction petition).

application of this exception, we fear that actual innocence would become a gateway forever to habeas petitioners' defaulted claims." (Citation omitted))(actual innocence unsuccessfully argued to overcome procedural default). Mr. Hannon's claim of actual innocence is bare assertion that is not supported by actual and reliable evidence and cannot survive the present motion to dismiss on statute of limitations grounds.

## RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, it is hereby **recommended** that respondent's Motion to Dismiss Petition for Writ of Habeas Corpus be **granted** [Docket No. 9] and that Kevin Terrance Hannon's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus be **DISMISSED** with prejudice. [Docket No. 1].

Dated:    January 12, 2011

   s/ Arthur J. Boylan
Arthur J. Boylan
United States Chief Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. Written objections shall be filed with the Clerk of Court and served upon opposing parties before January 25, 2011. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.